**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | 24 B 41 |
| | ) | |
| ANITA YOUSHIA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **Monday, April 8, 2024, at 9:30 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the Debtor's **MOTION TO COMPEL ABANDONMENT**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 500 0972** and the passcode is **726993**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Date: March 21, 2024            By:      /s/ *David P. Leibowitz*
                                         David P. Leibowitz (ARDC # 1612271)
                                         Law Offices of David P. Leibowitz, LLC
                                         3478 N. Broadway, Unit 234
                                         Chicago, IL 60657
                                         (312) 662-5750
                                         dleibowitz@lakelaw.com

CERTIFICATE OF SERVICE

I, Linda A. Green, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on March 21, 2024, at 5:00 p.m.

                                          /s/ *Linda A. Green*
                                                Attorney

**SERVICE LIST**

*Parties served via electronic notice through CM/ECF:*

Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

Ariane Holtschlag    aholtschlag@wfactorlaw.com, bsass@wfactorlaw.com;aholtschlag@ecf.courtdrive.com;holtschlagar43923@notify.bestcase.com

Deborah Kanner Ebner    dkebner@debnertrustee.com, dke@trustesolutions.net,IL53@ecfcbis.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

*Parties served via first class U.S. mail:*

Anita A Youshia
9505 Keystone Ave
Skokie, IL 60076-1430

American Express
PO Box 981537
El Paso, TX 79998-1537

Apple Card/Goldman Sachs Bank
2001 Ross Ave Ste 2800
Dallas, TX 75201-2930

BANK OF AMERICA
PO BOX 982238
EL PASO, TX 79998-2238

Barclays Bank Delaware/Old Navy
PO Box 8803
Wilmington, DE 19899-8803

COMENITYBANK/VICTORIA
PO BOX 182789
COLUMBUS, OH 43218-2789

Capital Managment Services, LP
696 1/2 S Ogden St
Buffalo, NY 14206

Capital One
PO Box 30285
Salt Lake Cty, UT 84130-0285

Capital One, N.A.
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Cavalry Portfolio Service LLC
Attn: Customer Care
1 American Ln Ste 220
Greenwich, CT 06831-2563

Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831-0405

Citi Cards
PO Box 6190
Sioux Falls, SD 57117-6190

Comenity Bank/Floor Decore
PO Box 182120
Columbus, OH 43218-2120

DISCOVER BANK
PO Box 30939
Salt Lake Cty, UT 84130-0939

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
Central Insolvency Function

PO Box 7346
Philadelphia, PA 19101-7346

JPMORGAN CHASE BANK N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Midland Credit Management
320 E Big Beaver Road Ste 300
Troy, MI 48083-1271

Nordstrom Card Services
13531 E Caley Ave
Englewood, CO 80111-6505

Radius Global Solutions
7831 Glenroy Rd Ste 250
Minneapolis, MN 55439-3117

SOFI Bank, NA
2750 E Cottonwood Pkwy
Salt Lake Cty, UT 84121-7285

TD Bank Target
PO Box 673
Minneapolis, MN 55440-0673

WELLS FARGO CARD SER
PO Box 14579
Des Moines, IA 50306-3579

Deborah Kanner Ebner
P. O. BOX 929
GLENVIEW, IL 60025-0929

JPMCB - CARD SERVICE
PO BOX 15369
WILMINGTON, DE 19850

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | 24 B 41 |
| | ) | |
| Anita Youshia | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**MOTION TO COMPEL ABANDONMENT**

Debtor, Anita Youshia, hereby moves this Court to compel the Trustee to abandon certain non-exempt assets of the Debtor consisting of (a) Debtor's cell phone, airpods, and Apple watch, with a scheduled value of $800, and (b) Debtor's furniture, with a scheduled value of $200. In support thereof, Debtor states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409.

3. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

4. The statutory bases for the relief requested herein are section 554 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6007(b).

**Background and Relief Requested**

5. Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code on January 3, 2024 (the "Petition Date").

6. Among the Debtor's assets was an automobile that had value in excess of the allowed exemptions.

7. The valuation of the car, in excess of the allowed exemptions, was $6,100.

8. Debtor also had certain cash balances in bank accounts on the Petition Date, as set forth in her schedules.

9. Trustee Deborah Ebner stated to Debtor's attorney:

> "I will accept the car max appraisal, plus all amounts on deposit as of the day of filing. In addition, there is insufficient exemption to cover her furniture and a few other incidental pieces of personal property. Those dollars should also be turned over."

10. Debtor has already tendered $6,500 to the Trustee, which was an amount in excess of the $6,100 equity indicated by the Car Max appraisal and the sums on deposit in the Debtor's accounts on the Petition Date. It was intended to pay for all of Debtor's liquid non-exempt assets in addition to the equity in the car.

11. Trustee Deborah Ebner then wrote to Debtor's attorney:

> I am starting to work on the final report and notice that the numbers don't align. The total nonexempt property totals $7319.22. See below:
> Car ---- $6,100 in non exempt equity
> Furniture $200
> Cell Phone, apple watch Etc $800
> Chase Bank account $219.22

>   Her check totals $6,500. Please have her send an additional $819.22 so I can close

12. The sum of $6,500 that Debtor tendered to the Trustee is in excess of the non-exempt value of the car and the allegedly non-exempt value in the Chase Bank account.

13. Debtor respectfully requests that the Trustee be compelled to abandon any interest in the Debtor's furniture and the "Cell Phone, apple watch Etc", as described in her email quoted above.

14. Section 554(b) of the Bankruptcy Code provides:
>   On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate

15. Debtor tendered to the Trustee $6,500, which is $400 in excess of the agreed upon equity in the Debtor's vehicle.

16. The $400 in excess of the agreed upon equity in the Debtor's vehicle is in excess of the $219.22 non-exempt equity that might have existed in the Debtor's checking account at Chase.

17. The Trustee seeks a cash payment of $819.22 which is fully attributable to the items of personal property mentioned in the Trustee's email.

18. The costs of administration that would be necessary for the Trustee to pursue a motion for turnover of these items of personal property, together with the costs involved in liquidating such assets, taking into account the highly minimal liquidation value of used furniture, a used cell phone, used air pods, and a used apple watch, are such as to make the administration of such assets burdensome to

the estate and of inconsequential value or benefit to the estate.

19. Debtor acknowledges that she has the burden of persuasion to establish that the property in question is of "inconsequential value and of inconsequential benefit to the estate. *In re Baroni,* 654 B.R. 334 (Bankr. N.D. Cal. 2003)

20. If there were an evidentiary hearing, the evidence would establish that there is virtually no market for used furniture of the type and quantity owned by the Debtor.

21. If there were an evidentiary hearing, the evidence would establish that the value of used cell phones is typically less than $100.

22. If there were an evidentiary hearing, the evidence would establish that the value of a used Apple watch of the type owned by Debtor is less than $200.

23. If there were an evidentiary hearing, the evidence would establish that there is virtually no market for used air pods of the type owned by the Debtor. Used air pods have negligible resale value as more advanced air pods have been released and since air pods are used within the user's body.

24. Such property, therefore, is of inconsequential value and benefit to the estate and should be ordered abandoned.

25. Notice of this motion has been provided to the Trustee, the United States Trustee, and all creditors pursuant to Federal Rule of Bankruptcy Procedure 6007(b).

WHEREFORE, Debtor requests entry of an order requiring the Trustee to abandon the Debtor's cell phone, airpods, Apple watch, and furniture, and granting such other and further relief as is equitable under the circumstances.

Respectfully submitted,

**ANITA YOUSHIA**

/s/ David P. Leibowitz
Attorney for the Debtor

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
3478 N. Broadway, Unit 234
Chicago, IL 60657
(312) 662-5750
dleibowitz@lakelaw.com